UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEYBIN PEREZ-RUIZ,

Petitioner,

Case No. 26-cv-828-pp

v.

SAMUEL OLSON, SCOTT SMITH
and DALE SCHMIDT,

Respondents.

**ORDER SCREENING PETITION (DKT. NO. 1), ORDERING SERVICE ON RESPONDENTS SCOTT SMITH AND DALE SCHMIDT, REQUIRING RESPONDENTS TO FILE RESPONSIVE PLEADING AND SETTING BRIEFING SCHEDULE**

Petitioner Deybin Perez-Ruiz, a citizen of Nicaragua, entered the United States in November of 2022. Dkt. No. 1 at ¶5. He was arrested on February 6, 2026 for operating a motor vehicle without a valid license (third offense). Id. at ¶2. He says that he posted a $100 bond but never was released. Id. at ¶6. The petitioner alleges that he was transferred to the custody of the respondents and has remained in custody without a "credible fear" interview or a substantive bond redetermination hearing. Id. at ¶7. On May 11, 2026, the petitioner filed a petition under 28 U.S.C. §2241 arguing that his current detention violates the Immigration and Nationality Act (INA) and his Fifth Amendment Due Process rights. Id. at 10. He seeks an order from the court declaring his detention unlawful and releasing him from custody. Id. at ¶11. The petitioner asks the court to award fees under the EAJA if he prevails. Id. at ¶36.

1

## I. Legal Standard

Section 2241 of Title 28 allows the court to review the legality of the petitioner's detention. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 688 (2001). A court reviewing a petition under §2241 applies the Rules Governing Section 2254 Cases. <u>Chagala v. Beth</u>, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015). Rule 4 of the Rules Governing §2254 Cases in the United States District Courts provides that

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, a court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II. *Habeas* Petition

The petitioner is a citizen of Nicaragua who entered the United States in 2022. <u>Id.</u> at ¶5. His attorney has not been able to confirm whether the petitioner entered with or without parole. <u>Id.</u> The petitioner has a criminal history, including a recent arrest by officers of the Ozaukee County Sheriff Department for operating a motor vehicle without a valid license (third offense). <u>Id.</u> at ¶6. The petitioner alleges that he posted bond but was not released, and that he was arrested again two weeks later for bail jumping related to his October 21, 2024 arrest for operating a motor vehicle without a valid license. <u>Id.</u> At that point, the petitioner was transferred to the custody of the

2

respondents. Id. When he was unable to return to court for a hearing in the Ozaukee County case, the state issued a warrant for his arrest. Id.

The petitioner alleges that he remains in the custody of the respondents without a credible fear interview or fair bond redetermination. Id. at ¶¶8, 12. He asserts that his detention is not justified under the Constitution or the Immigration and Nationality Act. Id. at ¶¶10, 32-35. He specifically argues that his detention violates his right to substantive and procedural due process under the Fifth Amendment. Id. at ¶33. The petitioner asks the court to issue an order to show cause, grant his petition, order his release and award reasonable costs and fees. Id. at 7.

## III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). Whether an ICE [U.S. Immigration and Customs Enforcement] detainee is entitled to an individualized bond hearing or otherwise subject to mandatory detention is a highly litigated issue in this district and across the United States. In Cano-Ortega v. Olson, *et al.*, Case No. 25-cv-1919, 2026 WL 1746898, *12 (E.D. Wis. June 17, 2026), this court found a violation of the INA when the respondents arrested a petitioner in the interior of the country and failed to provide an individualized bond hearing as contemplated by 8 U.S.C. §1226(a). Id. Although this petitioner has not provided sufficient information surrounding his arrival in the country or the current status of his state court proceedings

and custody, the court cannot conclude that the petitioner plainly is not entitled to relief.

The court will order the clerk's office to serve the respondents. The petitioner has named Samuel Olson, Scott Smith and Dale Schmidt as respondents. Assistant United States Attorney Stuart DP Gilgannon already has filed a notice of appearance on behalf of Samuel Olson under the Memorandum of Understanding. The petitioner alleges that both Scott Smith and Dale Schmidt are the "persons in charge of the Dodge County Jail." Dkt. No. 1 at ¶14. The court will order the clerk to serve respondents Smith and Schmidt.

## IV. Conclusion

The court **ORDERS** that the clerk's office must affect service of the petition and this order on Scott Smith and Dale Schmidt.

The court **ORDERS** that within ten days of receipt of service of this order, the respondents must either file an appropriate motion seeking dismissal of this case or file an answer complying with Rule 5 of the Rules Governing Section 2254 Cases.

If the respondents file a dispositive motion, the petitioner shall have fourteen days to file a brief in opposition and the respondents shall have seven days to file a reply brief.

If the respondents file an answer in lieu of the motion, the petitioner shall have fourteen days to file a brief in support of his petition, the

4

respondents shall have fourteen days to file a brief in opposition, and the petitioner shall have seven days to file a reply brief.

Dated in Milwaukee, Wisconsin this 16th day of July, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**